United States District Court
For the District of Colombia

RECEIVED
OCT 17 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Malary A. Brake, Pro Se - Petitioner
269-947
CCA/CTF
1901 E st. SE
Washington, DC 20003

Vs

U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland, 20815-7201
Respondents

And

Warden Fred E. Figueroa, Custodian
Warden CCA (DC) CTF
1901 E st. SE
Washington DC. 20003
Respondents

CASE NUMBER   1:05CV02034
JUDGE: Colleen Kollar-Kotelly
DECK TYPE: Habeas Corpus/2255
DATE STAMP: 10/17/2005

Petition for Writ of HaBeas Corpus
Pursuant to title 28 U.S.C. section 2241

1

Now come petitioner, <u>Malary A. Brake</u>, pro se files this petition with this Honorable Court to address a deprivation of a Constitutional Right regarding how the Imposition of a sentence be carried out. This motion comes in good faith therefore petitioner request this Honorable Court to grant a hearing on the matter.

In support of petitioners petition the following documents are submitted.

(<u>Exibits</u>)

1. Parole violation warrant
2. (A) U.S. Parole commission Rules and procedures (28·C.F.R. §2.102(F))
   (B) Date of Revocation Hearing
   (C) Alternative
3. Probable Cause Digest

(<u>Statement of Facts</u>)

The U.S. Parole Commission Regulations At Issue

• 28 C.F.R. § 2.98 (a)(2): If a parolee is alleged to have violated the conditions of his release, and satisfactory evidence thereof is presented, the Commission ... may issue a warrant for the apprehension and return of the offender to custody. (See Attached Exhibit(1))

• 28 C.F.R. § 2.101(a): A parolee who is retaken on a warrant issued by the Commission shall promptly be offered a preliminary interview... The purpose of the preliminary interview is to determine if there is probable cause to believe that the parolee has violated his parole as charged.

(1)

(See Attached Exhibit (2c)(3))

- 28 C.F.R. § 2.101(d): At the conclusion of the preliminary Interview, the interviewing officer shall inform the parolee of his recommended decision as to whether there is probable cause to believe that the parolee has violated the conditions of his release and shall submit to the Commission a digest of the interview together with the recommended decision.
(See Attached Exhibit (3))

- 28 C.F.R. § 2.101(d)(2): If the interviewing officer's recommended decision is that there is probable cause to believe that the parolee has violated a condition (or conditions) of his release, the Commissioner shall notify the parolee of the final decision concerning probable cause within 21 days of the date of the preliminary interview.
(See Attached Exhibit (2c)(3))

- 28 C.F.R. § 2.102(F): A local revocation hearing shall be scheduled to be held within sixty days of the probable cause determination. Institutional revocation hearings shall be scheduled to be held within ninety days of the date of the execution of the violator warrant upon which the parolee was retaken.
(See Attached Exhibits (2B)(2c))

(2)

- 28 C.F.R. § 2.103(A): The purpose of the revocation hearing shall be to determine whether the parolee has violated the conditions of his release and, if so, whether his parole or mandatory release should be revoked or reinstated.

(Now a total of (140 days) has past from the hearing date of April 29, 2005. And still going without having a local revocation hearing which violates U.S. Parole Commission regulations.)

(Memorandum of legal Argument)

In the case (Long v Gaines, 167 F. Supp. 2d 75 (D.C. 2001)) The District Court held that the United States Parole Commission most set guidelines and reasonable period of time for final Revocation Hearings (see also Morrissey v Brewer, 408 U.S. at 488, 92 S.CT. 2593) The Supreme Court has also established that a parolee is entitled to a final parole revocation hearing within a reasonable time from the date of arrest. While the Court was unwilling to define the parameters of what constitutes a "reasonable time," it held that a revocation hearing be held sixty days from the date of arrest would not be unreasonable. 408 U.S. at 488, 92 S.ct. 2593. Thus, the Court established that a parolees' Constitutional rights extend to both a prompt determination of probable cause and a revocation hearing held within a reasonable period of time.

(3)

Based on the above facts, I believe that I have been violated Due Process (5th Amendment rights) to the Constitution. In Summary, these actions by the United States Parole Commission have caused me injury and damages. The predjuice delay has caused my injury, due to my incarceration I couldn't maintain to keep housing and Employment which I've lost my job that was supporting me and my children and I've lost contact of my children which is due to my incarceration. As I have been unlawfully incarcerated since April 25, 2005; and having had a probable cause hearing on April 29th 2005. I have no pending warrants, cases or pending charges to my knowledge. I Encourages the Honorable Court to rule my incarceration a violation and is therefore illegal. This Court should grant petitioner relief in the form of immediate release and reinstatement to parole supervision. This is the only remedy available for violations of this nature, and/or prejudicial actions by the United States Parole Commission.

(Relief)

Wherefore, petitioner requests this court to issue a Writ of habeas corpus and subjiciendum commanding respondent to produce the body of petitioner before this court, at a time and place to be specified by this court, so that this court may further inquire into the lawfulness

(4)

of respondents custody of petitioner; to discharge petitioner from respondents custody; and to grant petitioner such other and further relief to which petitioner may be entitled in this proceeding.

I Malary A. Brake, being duly sworn under oath have read and subscribed to the above set forth petition, and the information therein is true and correct.

Respectfully submitted, Pro Se

*Phoenix C. Ishmon*
9/22/05

Phoenix C. Ishmon
Notary Public, District of Columbia
My Commission Expires 07-31-2006

Malary A. Brake
269-947
CCA/CTF
1901 E. St. SE
Washington DC 20003
D-4-B/cell-03