# EXHIBIT

# 2

request, in writing, a hearing date that is earlier than the date scheduled by the examiner, and the Commission will accommodate such request if practicable.

(e) *Institutional revocation hearing.* If the parolee is not eligible for a local revocation hearing as provided by § 2.102(a), or has requested to be transferred to an institution for his revocation hearing, the Commission will request the Bureau of Prisons to designate the parolee to an appropriate institution, and an institutional revocation hearing shall be scheduled for a date that is within ninety days of the parolee's retaking.

(f) *Digest of the probable cause hearing.* At the conclusion of the probable cause hearing, the examiner shall prepare a digest summarizing the evidence presented at the hearing, the responses of the parolee, and the examiner's findings as to probable cause.

(g) *Release notwithstanding probable cause.* Notwithstanding a finding of probable cause, the Commission may order the parolee's reinstatement to supervision or release pending further proceedings, if it determines that:

(1) Continuation of revocation proceedings is not warranted despite the finding of probable cause; or

(2) Incarceration pending further revocation proceedings is not warranted by the frequency or seriousness of the alleged violation(s), and the parolee is neither likely to fail to appear for further proceedings, nor is a danger to himself or others.

(h) *Conviction as probable cause.* Conviction of any crime committed subsequent to release by a parolee shall constitute probable cause for the purposes of this section, and no probable cause hearing shall be conducted unless a hearing is needed to consider additional violation charges that may be determinative of the Commission's decision whether to revoke parole.

(i) *Combined probable cause and local revocation hearing.* A postponed probable cause hearing may be conducted as a combined probable cause and local revocation hearing, provided such a hearing is conducted within 65 days of the parolee's arrest and the parolee has been notified that the postponed probable cause hearing will constitute his final revocation hearing. The Commission's policy is to conduct a combined probable cause and local revocation hearing whenever adverse witnesses are required to appear and give testimony with respect to contested charges.

(j) *Late received charges.* If the Commission is notified of an additional charge after probable cause has been found to proceed with a revocation hearing, the Commission may:

(1) Remand the case for a supplemental probable cause hearing if the new charge may be contested by the parolee and possibly result in the appearance of witness(es) at the revocation hearing;

(2) Notify the parolee that the additional charge will be considered at the revocation hearing without conducting a supplemental probable cause hearing; or

(3) Determine that the new charge shall not be considered at the revocation hearing.

*Notes and Procedures*

§ 2.101-01. *Applicability of Notes and Procedures Accompanying § 2.214.* All Notes and Procedures accompanying § 2.214 apply.

### § 2.102 PLACE OF REVOCATION HEARING.

(a) If the parolee requests a local revocation hearing, he shall be given a revocation hearing reasonably near the place of the alleged violation(s) or arrest, with the opportunity to contest the charges against him, if the following conditions are met:

(1) The parolee has not been convicted of a crime committed while under supervision; and



(2) The parolee denies all charges against him.

(b) The parolee shall also be given a local revocation hearing if he admits (or has been convicted of) one or more charged violations, but denies at least one unadjudicated charge that may be determinative of the Commission's decision regarding revocation and/or reparole, and requests the presence of one or more adverse witnesses regarding that contested charge. If the appearance of such witness at the hearing is precluded by the Commission for good cause, a local revocation hearing shall not be ordered.

(c) If there are two or more contested charges, a local revocation hearing may be conducted near the place of the violation chiefly relied upon by the Commission as a basis for the issuance of the warrant or summons.

(d) (1) A parolee shall be given an institutional revocation hearing upon the parolee's return or recommitment to an institution if the parolee: (i) voluntarily waives the right to a local revocation hearing; or (ii) admits (or has been convicted of) one or more charged violations without contesting any unadjudicated charge that may be determinative of the Commission's decision regarding revocation and/or reparole.

(2) An institutional revocation hearing may also be conducted in the District of Columbia jail or prison facility in which the parolee is being held. On his own motion, a Commissioner may designate any case described in paragraph (d)(1) for a local revocation hearing. The difference in procedures between a "local revocation hearing" and an "institutional revocation hearing" is set forth in §2.103(b).

(e) A parolee retaken on a warrant issued by the Commission shall be retained in custody until final action relative to revocation of his parole, unless otherwise ordered by the Commission under § 2.101(e)(3). A parolee who has been given a revocation hearing pursuant to the issuance of a summons shall remain on supervision pending the decision of the Commission, unless the Commission has provided otherwise.

(f) A local revocation hearing shall be held not later than sixty-five days from the retaking of the parolee on the parole violation warrant. An institutional revocation hearing shall be held within ninety days of the retaking of the parolee on the parole violation warrant. If the parolee requests and receives any postponement, or consents to any postponement, or by his actions otherwise precludes the prompt completion of revocation proceedings in his case, the above-stated time limits shall be correspondingly extended.

§ 2.102-01. *Applicability of Notes and Procedures Accompanying § 2.215.* All Notes and Procedures accompanying § 2.215 apply.

### § 2.103 REVOCATION HEARING PROCEDURE.

(a) The purpose of the revocation hearing shall be to determine whether the parolee has violated the conditions of his release and, if so, whether his parole or mandatory release should be revoked or reinstated.

(b) At a local revocation hearing, the alleged violator may present voluntary witnesses and documentary evidence in his behalf. The alleged violator may also seek the compulsory attendance of any adverse witnesses for cross-examination, and any relevant favorable witnesses who have not volunteered to attend. At an institutional revocation hearing, the alleged violator may present voluntary witnesses and documentary evidence in his behalf, but may not request the Commission to secure the attendance of any adverse or favorable witness. At any hearing, the presiding hearing officer or examiner may limit or exclude any irrelevant or repetitious statement or documentary evidence, and may prohibit the parolee from contesting matters already adjudicated against him in other forums.

(c) At a local revocation hearing, the Commission shall, on the request of the alleged violator, require the attendance of any adverse witnesses who have given statements upon which revocation may be based. The adverse witnesses who are present shall be made available for questioning and cross-examination in the presence of the alleged violator. The Commission may also require the attendance of adverse witnesses on its own motion, and may excuse any requested adverse witness from appearing at the hearing (or from appearing in the presence of the alleged violator) if it finds good cause for so doing. A finding of good cause for the non-appearance of a requested adverse witness may be based, for



IX.  Revocation Hearing.

[X] Local Revocation or        [ ] Combined Probable Cause/Local Revocation on:

Location: [X] CTF  [ ] DC Jail   Date: 6/30/05    Time: [ ] am [X] pm

[ ] Other at _____

_____

[ ] Recommend institutional revocation hearing upon transfer to a federal institution.

Note: A continuance must be requested in writing. You may submit your requests via e-mail. E-Mail Address: continue.hearing@usdoj.gov

May Qualify for an Expedited Offer:   [ ] No    [ ] Yes   (If yes, please have releasee sign below)

If the Commission approves a proposal of expedited revocation, I waive the 20-day waiting period for the submission of comments.         [ ] No    [ ] Yes

_____     _____
Attorney/Prisoner                                                                         Date

Additional Text:


_____    4/29/05
Examiner                                                                                      Date

**Disclosure Documents:** Warrant dated 4-22-2005, Warrant Application dated 4-22-2005, Violation Report dated 4-5-2005 with attachments, Parole Certificate dated 2-1-2005, Pre-Sentence Report

I acknowledge having received the above disclosure documents and a copy of this document.

_____    4/29/05
Attorney/Prisoner                                                                         Date

Brake, Mallory
Reg. No. 07275-007     DCDC No. 269-947

| | |
|---|---|
| U.S. DEPARTM OF JUSTICE<br>United States Parole Commission<br>Chevy Chase, MD 20815 | Probable Cause and Revocation<br>Hearing Form for D.C. Code Parolees or Releasees<br>Arrested in the District of Columbia |

# PART ONE

*Instructions:* This part is to be completed at the initial visit of the hearing examiner following the arrest of an alleged parole, mandatory release, or supervised release violator within the District of Columbia on a warrant issued by the United States Parole Commission. The following explanation of the Commission's procedure and the alleged violator's legal rights must be read and acknowledged by the parolee or releasee, and a copy provided to him.

## Notice of Procedural Rights -- Probable Cause Hearing

As an alleged parole, mandatory release, or supervised release violator who has not been convicted of a criminal offense committed while under supervision, you shall be given a probable cause hearing within five days of your arrest on a violator warrant. The purpose of the hearing is to determine whether probable cause exists for the charged violations. At this hearing, each charge on the warrant application will be read to you, and you will be apprised of the information supporting those charges. You will be asked to admit or deny each charge and you may explain or clarify your admission or denial to the hearing examiner.

You may be represented at your probable cause hearing by an attorney. If you cannot pay for the services of an attorney and desire legal assistance, you may request the D.C. Public Defender Service to assign an attorney to represent you at your probable cause hearing. The hearing examiner will furnish you with a request form, and will send it to the Public Defender Service. If you waive representation by an attorney at your probable cause hearing, you may, at the conclusion of the hearing or no later than 15 days prior to a revocation hearing, complete the form to request assignment of an attorney by the Public Defender Service.

You may present the testimony of voluntary witnesses and documentary evidence in defense of the charges against you. If you deny violating the conditions of release and have not been convicted of a crime while on release, you may request the presence of adverse witnesses, i.e., those persons who have given evidence that you violated your conditions of release, and question those witnesses at the hearing, unless good cause is found to deny the appearance of such witnesses.

At the conclusion of the hearing, the examiner will determine whether probable cause exists for the charge(s). If no probable cause is found for all charges, the examiner will order your release from custody on the violator warrant. If probable cause is found for any charge, you will remain in custody and the examiner will set the date for a local revocation hearing if you qualify for such a hearing (as opposed to a revocation hearing at a federal institution). Notwithstanding a finding of probable cause, the hearing examiner may recommend your release pending a revocation hearing or recommend your release because revocation proceedings should be terminated. In such cases, a Parole Commissioner will make the decision on your continued incarceration.

*OPPORTUNITY TO REQUEST POSTPONEMENT OF PROBABLE CAUSE HEARING.* The probable cause hearing will be held at this time unless you request postponement of the hearing in order to request representation by an attorney and/or the appearance of a witness. If you desire the presence of a voluntary witness at the probable cause hearing (or a

(1) c

subsequent revocation hearing), you are responsible for the attendance of the witness at the appropriate time and place. When a hearing is postponed to obtain witnesses, the Commission usually orders a combined probable cause and local revocation hearing.

I have read (*or had read to me*) the above explanation of the Commission's probable cause procedure, and I fully understand my legal rights under that procedure. (*Initial one of the choices below:*)

(A) (X) I WISH TO PROCEED WITH MY PROBABLE CAUSE HEARING AT THIS TIME.

(B) (   ) I REQUEST A POSTPONEMENT OF MY PROBABLE CAUSE HEARING IN ORDER TO OBTAIN AN ATTORNEY AND/OR WITNESS(ES).

_____          April 29 2005
(Signature of Parolee or Releasee)                    (Date)


## PART TWO

*Instructions:* This part is to be completed at the conclusion of the probable cause hearing. The explanation below must be read and acknowledged by the alleged violator, and a copy provided to him.

### Notice of Procedural Rights – Revocation Hearing

***OPPORTUNITY TO REQUEST A LOCAL OR INSTITUTIONAL REVOCATION HEARING***
The Commission will order an institutional revocation hearing unless you request, by completing this form, a local revocation hearing. An institutional revocation hearing may be held in the District of Columbia or in any federal prison to which you are transferred following the finding of probable cause. The Commission will grant a request for a local revocation hearing if both of the following conditions are met: (a) you were not convicted of an offense while under supervision, and (b) you deny all of the charges against you. In other cases, the Commission will only order a local revocation hearing if it finds good cause to do so.

In support of any request for a local revocation hearing, you should indicate any witnesses you plan to present at the revocation hearing and any adverse witnesses you wish to appear. Such adverse witnesses will be presented unless good cause is found to deny your request for their appearance. In addition, you may, prior to a local revocation hearing, request that the Commission require the attendance under subpoena of favorable witnesses who have refused to appear voluntarily. Such request will be granted provided you are able to show that the appearance of such favorable witnesses is necessary to the proper disposition of your case and that their testimony cannot be obtained by other means. If the Commission orders an institutional revocation hearing, this will not alter your right to be represented by an attorney, or to present voluntary witnesses or documentary evidence. However, the Commission will not request the presence of adverse or other witnesses at an institutional revocation hearing.

If the Commission orders a local revocation hearing, such hearing will be held within sixty days of the probable cause finding. If the Commission orders an institutional revocation hearing, such hearing will be held within ninety days of the date you were retaken on the Commission's warrant. If you request postponements of revocation proceedings or take actions which delay such proceedings, these time limits may be extended.

*Initial one of the alternatives below:*

(   ) I REQUEST AN INSTITUTIONAL REVOCATION HEARING IF I AM NOT ORDERED RELEASED BY THE COMMISSION. I UNDERSTAND THAT I MAY BE TRANSFERRED TO A FEDERAL PRISON IF AN INSTITUTIONAL REVOCATION HEARING IS ORDERED.

(mB X) I REQUEST A LOCAL REVOCATION HEARING IF I AM NOT ORDERED RELEASED BY THE COMMISSION. MY REASONS FOR REQUESTING A LOCAL HEARING ARE AS FOLLOWS:


X _____                    _____
(Signature of Parolee or Releasee)              (Signature of Hearing Examiner)

X April 29, 2005                                4/29/05
     (Date)                                        (Date)

If the Commission orders a local revocation hearing, such hearing will be held within sixty days of the probable cause finding. If the Commission orders an institutional revocation hearing, such hearing will be held within ninety days of the date you were retaken on the Commission's warrant. If you request postponements of revocation proceedings or take actions which delay such proceedings, these time limits may be extended.

*Initial one of the alternatives below:*

(   ) I REQUEST AN INSTITUTIONAL REVOCATION HEARING IF I AM NOT ORDERED RELEASED BY THE COMMISSION. I UNDERSTAND THAT I MAY BE TRANSFERRED TO A FEDERAL PRISON IF AN INSTITUTIONAL REVOCATION HEARING IS ORDERED.

(mB X) I REQUEST A LOCAL REVOCATION HEARING IF I AM NOT ORDERED RELEASED BY THE COMMISSION. MY REASONS FOR REQUESTING A LOCAL HEARING ARE AS FOLLOWS:

X _____          _____
(Signature of Parolee or Releasee)    (Signature of Hearing Examiner)

X April 29, 2005                      4/29/05
(Date)                                (Date)


(3) "c"