UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MALARY BRAKE, | : | |
|     Petitioner | : | Civil Action No. 05-02034 (CKK) |
| | : | |
| v. | : | |
| | : | |
| U.S. DEPARTMENT OF JUSTICE, | : | |
| U.S. PAROLE COMMISSION et al. | : | |
|     Respondents | : | |

**FEDERAL RESPONDENTS' OPPOSITION TO PETITIONER'S
PETITION FOR A WRIT OF HABEAS CORPUS**

The federal respondents, by and through their attorney, the United States Attorney for the District of Columbia, hereby respectfully file their opposition to the petitioner's petition for a writ of habeas corpus. In support of his petition, the petitioner claims that he should be released because the U.S. Parole Commission has not provided a parole revocation hearing in a timely manner. Because the petitioner has not shown any prejudice from the delay in his revocation hearing, which has been scheduled for December 15, 2005, the petitioner's petition for a writ of habeas corpus should be summarily denied.[1]

**PROCEDURAL HISTORY**

On April 30, 1999, following a revocation of probation, the petitioner, Malary Brake also known as Mallory Brake, was sentenced to a 1 to 3 year term of imprisonment in F2235-96 for unauthorized use of a motor vehicle. See Exhibit 1 (Judgment and Commitment Order for F2235-96). On July 15, 1999, the petitioner was sentenced in F1331-99 to a 10 to 30 month term of

---

[1] The United States Attorney's Office was served with the order to show cause on November 10, 2005. However, only the petitioner's exhibits were attached; the actual petition had not been properly scanned into the electronic filing system. The undersigned contacted the Court and received the actual petition on November 21, 2005.

imprisonment to run consecutive to any other sentence for attempted possession with the intent to distribute cocaine. See Exhibit 2 (Judgment and Commitment Order for F1331-99). The sentences were aggregated by the Federal Bureau of Prisons to form a single maximum term of 5 years and 6 months. See Exhibit 3 (Sentence Monitoring Computation Data).

Following a parole revocation in 2004, the petitioner was reparoled on February 7, 2005 and was to remain under parole supervision until March 16, 2006. See Exhibit 4 (Certificate of Parole). By a report dated April 5, 2005, the petitioner's supervision officer informed the U.S. Parole Commission that the petitioner had failed to comply with his parole conditions by the use of illegal drugs, failure to appear for drug testing, and by violation of the law due to his re-arrest for distribution of cocaine. See Exhibit 5 (Alleged Violation(s) Report). The U.S. Parole Commission issued a parole violator warrant for the petitioner on April 22, 2005. See Exhibit 6 Warrant Application) and Exhibit 7 (Warrant). The parole violator warrant was executed on April 25, 2005. See Exhibit 8 (Memorandum From U.S. Marshals Service).

On April 29, 2005, the petitioner was given a probable cause hearing at the D. C. Jail by a U.S. Parole Commission hearing examiner. See Exhibit 9. The hearing examiner found probable cause for the alleged violations and set the date of the petitioner's revocation hearing at June 30, 2005 at the D.C. Correctional Treatment Facility. Id at pp. 4, 6.

On June 29, 2005, the U.S. Parole Commission forwarded to the petitioner's attorney an expedited revocation proposal which would resolve the charges without the necessity of a revocation hearing. See Exhibit 10 (Letter dated June 29, 2005). The petitioner's parole file does not show that the hearing was conducted on June 30, 2005. On July 19, 2005, the petitioner rejected the proposal to reach a disposition without a hearing. See Exhibit 11 (Response to

Expedited Revocation Proposal). Following the receipt of the petitioner's rejection of the proposed offer, the U.S. Parole Commission should have re-scheduled the revocation hearing but, through an administrative oversight, did not re-schedule the petitioner for a revocation hearing.

In response to the petition in this case, the U.S. Parole Commission discovered the administrative error and has taken steps to ensure that the petitioner receives a revocation hearing as soon as practicable. The U.S. Parole Commission has now re-scheduled the parole revocation hearing, at which the petitioner will be represented by counsel, for December 15, 2005. See Exhibit 12 (Email to petitioner's counsel).

## ARGUMENT

The petitioner claims that he should be released because the U.S. Parole Commission has violated his due process rights by not conducting a parole revocation hearing in a "reasonable amount of time." The petitioner has received his probable cause hearing and was notified that the U.S. Parole Commission found probable cause to believe that he violated the conditions of parole. Although the petitioner did not received his revocation hearing with the Commission in a timely manner, the Commission has scheduled him for a revocation hearing to take place on December 15, 2005, and therefore, the petition will shortly become moot.[2]  In any event, the petitioner has not and cannot demonstrate any prejudice as a result of the delay.

The law is well established that the remedy for a delayed parole revocation hearing is for the U.S. Parole Commission to conduct a hearing. See Sutherland v. McCall, 709 F.2d 730, 732

---

[2]The U.S. Parole Commission acknowledges that, due to an administrative error, the petitioner has not received a revocation hearing within the time frame contemplated by the U.S. Parole Commission's regulations at 28 C.F.R. § 2.102(f)  (local revocation hearing to be conducted within 65 days of the execution of parole violator warrant).

(D.C. Cir. 1983) (remedy is to compel a hearing, not to compel release on parole or extinguish remainder of sentence); Jones v. U.S. Bureau of Prisons, 903 F.2d 1178, 1185 (8th Cir. 1990) ("[T]he only remedy available when the Commission fails to hold a timely hearing is . . .to require the Commission to give the petitioner a fair hearing"); Bryant v. Grinner, 563 F.2d 871, 872 (7th Cir. 1977) (proper remedy is to compel a decision by the Commission, not to release the prisoner from custody); Lantion v. U.S. Parole Comm'n., 2005 WL 758270, *1 (D.D.C. April 1, 2005) ("if a parole revocation hearing is untimely, the available remedy is a writ of mandamus directing the Parole Commission to conduct a hearing").

      The alleged parole violator is entitled to release on a writ of habeas corpus only if he can meet his burden of establishing "actual prejudice" arising from an unreasonable delay, i.e., that the delay "prejudiced his defense at the revocation hearing." See Sutherland v. McCall, supra, 709 F.2d at 733 (petitioner failed to show that thirty-three month delay prejudiced his defense); Farmer v. U.S. Parole Comm'n., 2005 WL 354007, *1 (D.D.C. Feb. 14, 2005) (petitioner must demonstrate that delay was unreasonable and prejudicial); Crum v. U.S. Parole Comm'n., 814 F.Supp. 1, 3 (D.D.C. 1993) (same). Delay, standing alone, does not entitle the petitioner to release from prison. Rather, the prejudice that the petitioner must demonstrate refers to prejudice suffered by an alleged parole violator in preparing or presenting his defense to the revocation charges due to the loss of witnesses or evidence as a result of the delay. While the petitioner argues that he has been prejudiced by the delay because he has lost his housing, his employment, and contact with his children, he has not alleged or proven that his ability to defend himself against the parole violation charges has been substantially impaired and therefore has not established prejudice sufficient to entitle him to habeas relief. See Villarreal v. U.S. Parole Comm'n., 985 F.2d 835,

837 ( 5th Cir. 1993) (parolee must show actual prejudice was caused by unreasonable delay); Cortinas v. U.S. Parole Comm'n., 938 F.2d 43, 45 (5th Cir. 1991) (habeas petition denied where the petitioner failed to assert his ability to present facts or contest the violation was affected by the delay); United States v. Wickham, 618 F.2d 1307, 1310 (9th Cir. 1979) (requiring demonstration of prejudice by showing impaired ability to contest alleged violation or showing adverse affect upon ability to present favorable evidence at probation revocation hearing); Gaddy v. Michael, 519 F.2d 669, 673 (4th Cir. 1975) (mere lapse of time or delay, without more, does not violate the due process of a parolee); Northington v. U.S. Parole Comm'n., 587 F.2d 2, 3 (6th Cir. 1978) (parolee must demonstrate prejudice that is severe enough to render the revocation inadequate in terms of relief).  Because the petitioner has not alleged or demonstrated the requisite prejudice and because his revocation hearing, at which he will be represented by counsel, will be held on December 15, 2005, his petition must be summarily denied.

## CONCLUSION

For the foregoing reasons, the petitioner's application for a writ of habeas corpus should be summarily denied.

A proposed Order is attached.

        Respectfully submitted,

        KENNETH L. WAINSTEIN
        United States Attorney
        D.C. Bar Number 451-058

        _____

        ROBERT D. OKUN
        Assistant United States Attorney
        Chief, Special Proceedings Section
        D.C. Bar Number 457-078

        _____

        SHERRI L. BERTHRONG
        Assistant United States Attorney
        Special Proceedings Section
        D.C. Bar No. 249-136
        Sherri.Berthrong@usdoj.gov
        555 4th Street, N.W., Room 10-450
        Washington, D.C. 20530
        (202) 514-6948

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the Federal Respondents' Opposition has been electronically filed with the Court and served by mail upon the petitioner, Malary A. Brake, DCDC #269-947, District of Columbia Correctional Treatment Facility, 1901 E. Street, S.E. Washington, D.C. 20003, this 30th day of November, 2005.

        _____
        Sherri L. Berthrong
        Assistant United States Attorney