**EXHIBIT 6**

U.S. DEPARTMENT OF JUSTICE
UNITED STATES PAROLE COMMISSION

WARRANT APPLICATION
D.C. Code Offender

Name ...............................Brake, Mallory

Reg. No...........................07275-007
DCDC No.......................269-947
FBI No.............................120 72 VA3
Birth Date......................
Race ...............................Black

Date .........................................April 22, 2005
Termination of Supervision..... 3-16-2006
[If Conviction Offense Before April 11, 1987 And
Offender Is On Mandatory Release, Termination
Date Is 180 Days Prior To Full Term]
Violation Date...........................2-14-2005
Released..................................February 7, 2005

Sentence Length ...........5 years, 6 months (Combined Omnibus Original); 690 days (Parole Violator Term)
Original Offense.............Unauthorized Use of a Vehicle; Attempted Possession With Intent to Distribute
Cocaine

If you have been arrested on a violator warrant in the District of Columbia and you have not been convicted of a new offense, you shall be given a probable cause hearing within five days of your arrest and violator warrant. Probable cause hearings are normally scheduled on Tuesdays and Fridays at the Central Detention Facility. The purpose of the probable cause hearing is to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing. If no probable cause is found, you will be released and either reinstated to supervision, or discharged from further supervision if your sentence has expired.

At your probable cause hearing and any subsequent revocation hearing you will be apprised of the information supporting the violation charges. You may present documentary evidence and voluntary witnesses on your behalf. If you deny the charge(s) against you, you may request the presence of those persons who have given information upon which the charges are based. Such adverse witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or, if you are unable to pay for such representation, an attorney will be appointed for you if you fill out and promptly return a request for representation to the hearing examiner.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole, mandatory release, or supervised release in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your parole, mandatory release, or supervised release you will not receive credit toward service of your sentence for time spent on parole/mandatory release/supervised release.

## CHARGES:
**Charge No. 1 - Use of Dangerous and Habit Forming Drugs.** The releasee submitted urine specimens which tested positive for:
Marijuana – 2-14-2005; 3-14-2005, and 3-21-2005.
This charge is based on the information contained in the violation report dated 4-5-2005 from supervising officer Denise Tennant-Bryan and corresponding laboratory report dated 4-5-2005.
I ADMIT [   ] or DENY [   ] this charge.



EXHIBIT
6

**Charge No. 2 - Failure to Submit to Drug Testing.** The releasee failed to submit urine specimens on 2-28-2005 and 3-16-2005. This charge is based on the information contained in the violation report dated 4-5-2005 from supervising officer Denise Tennant-Bryan.
I ADMIT [  ] or DENY [   ] this charge.

**Charge No. 3 - Law Violations -- a) Distribution of Crack Cocaine, b) Conspiracy to Distribute Crack Cocaine, c) Possession of Drug Paraphernalia.** On 4-2-2005, the releasee and a co-defendant conspired to sell three Ziplocs of crack cocaine to an undercover officer in exchange for $30 in pre-recorded funds. Prior to their arrest, police observed the co-defendant toss U.S. currency to the ground, which was later found to be the pre-recorded funds. The releasee was found in possession of multiple empty Ziploc bags. The releasee was arrested by the Washington Metropolitan Police for 3a and 3c above on the same date. This charge is based on the information contained in the violation report dated 4-5-2005 from supervising officer Denise Tennant-Bryan and a police report dated 4-2-2005. Status of Custody/Criminal Proceedings: Released on 4-12-2005 with further Court proceedings pending.
3a I ADMIT [  ] or DENY [   ] this charge.
3b I ADMIT [  ] or DENY [   ] this charge.
3c I ADMIT [  ] or DENY [   ] this charge.

**Probable Cause Hearing Is Required**                **Warrant Recommended By:**

**Warrant Issued...................** April 22, 2005        **Scott Kubic, Case Analyst**
                                                           **U.S. Parole Commission**

Community Supervision Office Requesting Warrant: **General Supervision Unit IX-Team 53, 1418 Good Hope Road**