# EXHIBIT A

Case 1:05-cv-02034-CKK    Document 9-2    Filed 12/21/2005    Page 1 of 5

## HEARING SUMMARY

**Name:** Brake, Mallory                                      **Reg No:** 07275-007

**Hearing Parameters**

Hearing Type ............................: **Revocation (Local)**

Hearing Date .............................: 12/15/2005

Examiner ....................................: Donna A. McLean

Institution ...................................: D.C.-Correctional Treatment Facility

Second Designation ....................: Unknown

**Sentence Parameters**

Sentence Type............................: **DC Parole Eligible**

MR/Statutory Release Date..........: 05/31/2005

Full Term Date............................: 05/13/2005

Months in Custody......................: 7 months as of 12/24/2005

Detainer.......................................: None

**Warrant Parameters**

Supervision ................................: **Parole**

Revoking District & Office..........: CSOSA, General Supervision, Unit IX-Team 53, 1418 Good Hope Road

Warrant Execution Date...............: 04/25/2005

Probable Cause Date...................: 04/27/2005

**Additional text regarding the above parameters:** The subject original Local Revocation was scheduled for 6/30/2005 (PM); however, it was continued for reasons unknown to this examiner. The subject also declined an Expedited Revocation Offer on 7/19/2005.

---

**Prior Action:** Please refer to Prehearing Assessment dated 6/23/2005.

**Counsel:** Anna Rodriquez, Staff Attorney, District of Columbia, Public Defender Services

**Witnesses:**
1. CSO Denise Tennant-Bryan
2. MPD Officer, Jacob Lipscomb, Badge No. 346

**Procedural Considerations:**
1. Why did the USPC disapprove the Undercover Officer Battle as an adverse witness?
2. The subject has filed in court regarding the fact that his hearing, have not been held in a timely manner.

*Exhibit A*

Brake, Mallory, Reg. No. 07275-007                                      Page 1 of 4

The examiner explained, MPD Officer Battle was denied by the Commission, as it is practice of the Commission to not Subpoena undercover officers as MPD have stated that these officers will not appear for the hearing since they are still working in an undercover capacity. Furthermore, the Commission is attempting to hear the subject's case today and with a Guideline of 12-16 months for only the administrative violations how have it prevented the Attorney from defending the subject at today's hearing. It should be noted that the subject's case was scheduled for a Local Hearing on 6/30/2005 and that hearing was continued and he was offered an Expedited Revocation Offer, which was rejected on 7/19/2005 by the subject.

**Charges:**

**Charge No. 1 - Use of Dangerous and Habit Forming Drugs**
   **Evidence Presented:** The subject admitted the above charge.
   **Findings of Fact:** This examiner finds that the subject violated the conditions of release as indicated in the above charge.
   **Basis:** The subject's admission to the violation.

**Charge No. 2 - Failure to Submit to Drug Testing**
   **Evidence Presented:** The subject denied the above charge. The subject stated he always and advised his CSO when he could not report for testing since he was babysitting his small infant. She does recall a call that he could not come for testing; however, she does not recall the subject mentioning it was due to taking care of his son. CSO Tennant-Bryan stated that the subject was placed on a 5 days Reporting as a sanction to address his positive urines. She added that the subject has from 7:00 am to 7:00 pm to provide his urines and he must understand that he is on parole and must comply with the conditions.
   **Findings of Fact:** This examiner finds that the subject violated the conditions of release as indicated in the above charge.
   **Basis:** Testimony provided by CSO Tennant-Bryan and the documentary evidence.

**Charge No. 3 - Law Violation  - a. Distribution of Crack Cocaine, b. Conspiracy to Distribute Crack Cocaine and c. Possession of Drug Paraphernalia.**
   **Evidence Presented:** The subject denied the above charges. Attorney Rodriquez indicated that the case was dismissed on 9/14/2005. She has further advised her client not to respond to any questions regarding the charges. The subject was advised in his lack of response the examiner would render a finding on the bases of the documentary evidence and testimony provided by the MPD Officer Lipscomb.

MPD Officer Lipscomb provided sworn testimony of his involvement in the arrest of Mr. Brake. He stated that he and other officers moved to arrest the subject and his codefendant based on the description provided by the undercover officer. He stated the subject was identified as flagging down the Undercover Officer and directing him to his codefendant. He explained that the codefendant was observed tossing the pre-recorded funds and the subject was only found in possession of multiple clear empty ziplocks in his sweatshirt. He added the zips are commonly used to package drugs although the intended use is for jewelry. During cross examination MPD Officer Lipscomb stated that he did not see the subject flagging the undercover officer down and there were no drugs or money found on the subject at the time of arrest.

CSO Tennant-Bryan stated that she have come across the subject hanging around the area known for drug trafficking. She further stated she advised the subject that he needed to stay away from that area or it would lead to trouble for him and he was arrested days later after their discussion.

The examiner have reviewed all the evidence provided and renders a NO Finding in the Charges involving Distribution of Crack Cocaine; however, render a Finding of Violation in the Possession of Drug Paraphernalia as it was in fact the only concrete evidence found on the subject. It is further noted that the subject's time remaining on supervision is less than the time he would of received for a finding on the more serious offenses.

**Findings of Fact:** This examiner makes no finding concerning Charge No. 3a and 3b. This examiner finds that the subject violated the conditions of release as indicated in Charge No. 3c.
**Basis:** The testimony provided by MPD Officer Lipscomb, CSO Tennant-Bryan and the documentary evidence.

**Discipline:** None

**Release Plans:** The subject plans to reside with his girlfriend in Washington, DC. He does not at this time have any prospects for employment upon release.

<u>Guideline Parameters</u>

**Severity Justification:** Category One because it involved the possession of drug paraphernalia and administrative violations.
**Salient Factor Score:** 5

**Modifications From Prehearing:** The subject's prior convictions include:
1. Attempted UUV and Grand Larceny (same offense in VA) of which he received probation. (1/0)
2. UUV (DC) of which he received 3 years probation and that was revoked on 4/30/99 and he was sentenced to 3 years confinement. (2/1)
3. Possession with Intent to Distribute Cocaine (DC) sentenced to 10-30 months consecutive to the above Probation Revocation. (3/1).

Salient Factor Score Items
   1 - Item A - The subject has 3 actual countable convictions.
   1 - Item B - The subject only have 1 prior commitment, which is for the base offense.
   3 - Item C - Age 31 with 1 prior commitment
   0 - Item D
   0 - Item E
   0 - Item F
   5 - SFS

**Re-parole Guideline Range:**... 8-12 months

**Evaluation:** Mr. Brake is currently 31 years old with a history of supervision failures and substance abuse. The examiner has rendered a finding in Charge No. 1 (Use of Drugs), Charge No. 2 (Failure to Submit to Drug Testing) and Charge No. 3c (Possession of Drug Paraphernalia). A "No Finding" has been found in Charge No. 3a (Distribution of Crack Cocaine) and 3b (Conspiracy to Distribute Crack Cocaine) on the basis of testimony provided by MPD Officer Lipscomb. He testified that he did not see the subject in possession of drugs or make the transaction nor was he found in possession of the pre-recorded funds. It is noted the subject was found in possession of clear empty zip-locks used to package drugs. Please note that the subject's attorney refused to allow the subject to respond to questions regarding his possession of the ziplocks; therefore, a finding was made on the basis of the supportive documentation.

The subject's offense behavior is rated a Category One because it involved the possession of Drug Paraphernalia and administrative violations. His SFS is 5, which results in a Reparole Guideline of 8-12 months. As of 12/24/2005, the subject will have served 7 months towards his guidelines. It is further noted that the subject's MR date and FTD is 5/31/2005, which would require a service of 13 months. Therefore, in light of the aforementioned facts the examiner recommends that the subject's parole is revoked and he be continued to his expiration of sentence.

**Recommendation:** Revoke Parole. None of the time spent on Parole shall be credited. Continue to Expiration.

**Conditions:** N/A

**Statutory Interim Hearing:** N/A

**Guideline Use:** A decision above the guidelines is warranted because you are a poorer parole risk than indicated by your Salient Factor Score in that you have failed to comply with previous conditions of supervision (probation).

**Additional Text:** None

I certify that I have reviewed this hearing summary.

Donna A. McLean, Hearing Examiner

**Executive Reviewer's Comments:**

DAS
December 18, 2005

Brake, Mallory, Reg. No. 07275-007                                          Page 4 of 4