UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    :
MALARY A. BRAKE,                    :
                                    :
       Petitioner,                  :
                                    :
   v.                               :   Civil Action No.  05-2034 (CKK)
                                    :
U.S. DEPARTMENT OF JUSTICE, *et al.*, :
                                    :
       Respondents.                 :
_____ :

## MEMORANDUM OPINION

    This matter comes before the Court on petitioner's *pro se* petition for a writ of habeas corpus.  The petition will be denied for the reasons set forth below.

### BACKGROUND

    Petitioner was released on parole on February 7, 2005.  Resp't Resp., Ex. 4 (Certificate of Parole).  He was to remain under supervision until March 16, 2006.  *Id.*  Because he allegedly violated conditions of his release, the United States Parole Commission ("Parole Commission") issued a warrant for his arrest.[1]  *Id.*, Ex. 5 (Alleged Violation(s) Report dated April 5, 2005), 6 (Warrant Application), and 7 (Warrant).  Upon execution of the warrant on April 25, 2005, petitioner was returned to custody.  *Id.*, Ex. 8 (executed Warrant for Return of Prisoner Released to Supervision);  Pet., Ex. 1 (same).

---

    [1] Petitioner allegedly tested positive for illegal drug use on three occasions, twice failed to report for drug testing, and failed to obey all laws.  Resp't Resp., Ex. 5.  Specifically, petitioner was arrested and charged with distribution of cocaine.  *Id.*

A hearing examiner conducted a probable cause hearing on April 29, 2005. Resp't Resp., Ex. 9 (D.C. Probable Cause Hearing Digest); Pet., Ex. 3 (same). He found probable cause of petitioner's guilt on the three alleged violations of the terms of petitioner's release, and scheduled a parole revocation hearing on June 30, 2005. Pet., Ex. 3.

The Parole Commission proposed to petitioner's counsel an expedited revocation procedure. Resp't Resp., Ex. 10 (June 29, 2005 letter to A. Rodrigues from L. Gobble, Case Management Specialist). If petitioner waived an in-person revocation hearing and accepted responsibility for the violation behavior, the Parole Commission promptly would have provided him a decision on the record and would have transferred him to a designated facility for service of the violator term. *Id.* Petitioner rejected the proposal. *Id.*, Ex. 11 (Response to Expedited Revocation Proposal signed on July 19, 2005).

Petitioner alleges that his revocation hearing had not taken place as of the filing of the instant action. For this alleged violation of his Fifth Amendment due process rights, he demands his immediate release from custody.

DISCUSSION

Pursuant to 28 C.F.R. § 2.102(f), a parole "revocation hearing shall be held not later than sixty-five days from the retaking of the parolee on the parole violation warrant." The Parole Commission admitted its failure to schedule petitioner's hearing, and stated that it "has taken steps to ensure that the petitioner receives a revocation hearing as soon as practicable." Resp't Resp. at 3. To that end, in response to the petition, the revocation hearing took place on

December 15, 2005.[2]  *Id.*, Ex. 12 (November 28, 2005 e-mail message to A. Rodrigues from L. Gobble); Resp't Supp. Resp., Ex. A (Hearing Summary).  Petitioner has received the only remedy available to him.  *See Sutherland v. McCall*, 709 F.2d 730, 732 (D.C. Cir. 1983) (remedy for failure to conduct timely revocation hearing "is a writ of mandamus to compel the Commission's compliance," not a writ of habeas corpus to compel the petitioner's release).  Accordingly, the Court will deny the petition and dismiss ths action.   An Order consistent with this Memorandum Opinion will be issued this same day.

                                                                        /s/
                                      COLLEEN KOLLAR-KOTELLY
                                      United States District Judge

Date:   January 2, 2006

---

[2]     The Parole Commission revoked parole.  Resp't Supp. Resp., Ex. B (Notice of Action dated December 21, 2005).